UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVEN MICK,
    Plaintiff,

vs.                                                   05-1341

KATHLEEN HAWK SAWYER, et.al.,
    Defendants.

ORDER

This cause is before the court for consideration of the plaintiff's motion to proceed in forma pauperis on appeal. [d/e 10].

Under 28 U.S.C. § 1915(a)(3), the district court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). *See also Lee v Clinton*, 209 F.3d 1025 (7th Cir. 2000).

On January 13, 2006, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999). The plaintiff asked for additional time, which was granted. The plaintiff has now filed a brief which the court will consider.

On December 7, 2005, the court conducted a merit review of the plaintiff's complaint and dismissed his claims for failure to state a claim upon which relief could be granted. *See* December 7, 2005 Court Order. The plaintiff had claimed that Director of the Federal Bureau of Prisons Kathleen Hawk Sawyer, Pekin Federal Correctional Institution Warden Ciolli, Lieutenant Fardell and an unknown Correctional Officer violated his constitutional rights. The plaintiff stated that Officer Fardell and the unknown officer injured his back on October 19, 2002. The plaintiff says he made repeated requests for medical care since his injury, but had not received the appropriate care.

The plaintiff correctly points out that the court misstated that his claim were made pursuant to 42 U.S.C. §1983. Instead, the plaintiff was suing officials within the Federal Bureau of Prisons so any constitutional claims would be pursuant to *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  While this was an incorrect

---

[1]The court also noted that although the plaintiff did clearly state that he intended to allege violations of his constitutional rights, the pro se plaintiff may have also intended to state a violation of his rights pursuant to the Federal Tort Claims Act. *See* December 7, 2005 Court

statement in the court's December 7, 2005, order, the analysis of the plaintiff's claims remains the same.

The plaintiff argues that his claim was not barred by the statute of limitations period. The plaintiff claims his back was injured on October 19, 2002. He made several complaints to medical staff, but says he did not receive the proper care and still suffers from pain. The plaintiff did not file this complaint until November 7, 2005, more than three years after he was injured.

The plaintiff now says he did not know the full extent of the problem until two years after his injury. The plaintiff's complaint does not make any reference to this allegation. Instead, the plaintiff admits he knew he had a back injury at the time of the incident in October of 2002, when he complained to medical staff and did receive treatment.

The court also notes that the plaintiff further admits he did receive medical care and testing in an outside hospital. It is difficult to believe the plaintiff could demonstrate that the defendants were deliberately indifferent to his medical condition. A lawsuit pursuant to *Bivens* is not the appropriate place to bring a medical malpractice claim.

The plaintiff next argues that the court was incorrect when it stated that he had named the wrong defendants. The court notes that it stated the plaintiff named the wrong defendants **only** if he intended to also bring a suit pursuant to the Federal Tort Claims Act. Although the plaintiff clearly marked that he intended to bring his lawsuit pursuant to *Bivens*, his only reference to exhaustion of administrative remedies had to do with a claim pursuant to the Federal Tort Claims Act. The plaintiff has clarified in his brief that his only intended claim was pursuant to *Bivens*.

Lastly, the plaintiff argues that he did in fact exhaust his administrative remedies because he filed a federal tort claim. The plaintiff's pursuant of an administrative claim under the Federal Tort Claims Act does not satisfy the exhaustion requirements under the Prison Litigation Reform Act. *Gaughan v. U.S. Bureau of Prisons*, 2003 W.L. 1626674 at 1 (N.D. Ill. March 25, 2003).

The court cannot find a good faith basis for appeal. *See* December 7, 2005 Court Order. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed.R.App.P. 24(a).

**IT IS THEREFORE ORDERED that plaintiff's motion for leave to appeal in forma**

---

Order.

pauperis is denied. [d/e 10].   Plaintiff is ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.   The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.   The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit

Enter this __21st_____day of June, 2006.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE